*467 The Chief Justice delivered the opinion of the court.
The defendant stands indicted for an assault and battery on one Terence Brady, “ to the great damage of the said Terence Brady contrary to the statute in such case made and provided, and against the peace of this state, the government and dignity of the same.”
The defendant has moved to quash this indictment, because it concludes “ contrary to the statute,” instead of “the statutes,” in such case made and provided; and he refers to two acts of the legislature. Of these, the first, Rev. Laws 262, see. 68, enacts that assaults, batteries, false imprisonments, mayhems, affrays, riots, routs, unlawful assemblies, nuisances, cheats, deceits, and all other offences of an indictable nature at common law, and not provided for by this or some other act of the legislature, shall be deemed and taken to be misdemeanors, and punished by fine or imprisonment according to the • discretion of the court, and without any limitation as to time or amount. The other act is in the Rev. Laws 735, see. 4, and enacts that all crimes enumerated and expressed in the above mentioned section, the punishment of which not being otherwise provided for in the said act or some other law of this state, *mayhems and atrocious [*377 assaults and batteries excepted, shall be punished by fine or imprisonment, or both, the fine not to exceed one hundred dollars, nor the imprisonment six months.
The books afford us a number of cases, and some curious learning, upon the subject matter oí this exception. At one time it seems to have involved the jurisperiti in considerable perplexity; and it was gravely proposed to conclude, contra formara statut. predict, omitting the last syllable, so that the termination might be made either singular or plural, and be read statuti preclicti or statutorum predictorum, as the exigency of the case might require, or as might be found eligible to support the indictment, ut res magis *468 va-leat quam pereat. But the statutes which • directed the indictment to be in the English language, .and in words at length, defeated this ingenions device.
Amid all the difficulty, however, which the books exhibit, I find no case to support the principle on which the objection before us is founded. The second act relative to assaults and batteries simply abridges or limits the extent of the discretion of the court with respect to the amount of the fine and the duration of the imprisonment, but in no wise attaches the penalty or punishment to the offence. It merely declares that the court in graduating the punishment prescribed for' the offence by the former act, shall not exceed a fixed limit. The present indictment, then, is clearly not within any of those ancient cases, which, when one statute created the offence and another added the penalty, required the indictment to conclude against both ; nor within any of those, where an offence is punishable by virtue of two statutes taken together, and not by virtue of either singly, as where by a.subsequent statute it is enacted that the former shall be executed in a new case, or that an additional penalty shall be inflicted; nor within those cases where an offence at common law is made a crime of an higher nature, as where a misdemeanor is made felony or a felony treason. The rules adopted in many of the old cases have upon subsequent examination been found to be unsound and have been rescinded.' But it is unnecessary minutely to review them, as.they do not apply to the case before us. And it is considered in the books at all times to be settled law, that if a statute be made perpetual by a second statute, a conclusion' in the singular will be sufficient. So if one statute adopt and continue the provisions of a former. Rex v. Morgan, Str. 1066; 1 Saund. 135, n. 3; 1 Lutw. 212. *378] So when *a second statute regulates or restrains the operation of the first; as if an offence is a felony at common law, and a statute takes away clergy from such offence when committed under particular circumstances, the indictment *469 need not conclude against the form of the statute because it wa,s a felony before, and the statute only takes away a privilege which the common law allowed; and if it does so conclude, the indictment is nevertheless good. 2 Hales P. C. 190, 192; Page v. Harwood, Styles 86; 1 Lord Raym. 150; 1 Salk. 212, 213. In the case of Andrews v. The Hundred of Lewknor, Cro. Jac. 187, Yelv. 116, the plaintiff declared on the statute of Winton, 13 Ed. 1., and shewed that he had performed the limitations and ordinances in the stat. 27 Eliz., and concluded, against the form of the statute aforesaid. To arrest the judgment it was objected that the plaintiff had declared on two statutes, and ought to have concluded against the form of the statutes aforesaid.
But the court refused to arrest “ because the action is given and grounded only on the stat. 13 Edw. 1, and the stat. 27 Eliz. is rather in restraint and hindrance of the action than otherwise, for whereas before the latter statute, the party might have had his action generally ‘to have charged the hundred on any robbery, and since that statute certain circumstances are to be performed before the party shall have his action, to wit, the taking of an oath that he was robbed, and that he does Pot know the felons: And the court further held, that if the plaintiff had concluded against the form of the statutes it had not boon good, because the statute of 27 Eliz. did not enable the party to sue.”
The present case comes fairly within the principle of these adjudications, if in the indictment an averment in respect to the statute is at all necessary. Of such necessity it is not material to enquire, because if requisite the indictment contains it, and if not, it is harmless surplusage.
Motion to quash overruled.